ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC, como agente de FAIRWAY ACQUISITIONS FUND, LLC<br><br>APELADA<br><br>v.<br><br>ROSA M. DÍAZ POMALES<br><br>APELANTE | TA2026AP00352 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV01096<br><br>Sobre: Cobro de dinero |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Comparece ante nos la señora Rosa M. Díaz Pomales (en adelante, parte apelante o señora Díaz Pomales) mediante un recurso de *Apelación* y solicita que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario) el 6 de marzo de 2026 y notificada el 9 de marzo de 2026. Mediante el referido dictamen, el TPI declaró Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por Island Portfolio Services, LLC, como agente de Fairway Acquisitions Fund, LLC (en adelante, parte apelada o Island Portfolio).

Por los fundamentos que exponemos más adelante, confirmamos el dictamen apelado.

**I**

El 10 de abril de 2025, Island Portfolio presentó una *Demanda*[1] sobre cobro de dinero contra la parte apelante. En síntesis, alegó que la señora Díaz

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

Pomales solicitó una tarjeta de crédito al Banco Popular de Puerto Rico y que posteriormente Fairway Acquisitions Fund, LLC. adquirió mediante cesión todos los derechos, títulos e intereses sobre la cuenta número 4549555750046636. Alegó, además, que la deuda era líquida, vencida y exigible, y reclamó la suma de $19,353.20.

El 2 de junio de 2025, la parte apelante compareció por derecho propio y presentó una *Moción*[2] mediante la cual reconoció la deuda y expresó las razones por las cuales no pudo seguir pagándola. En la misma, señaló que podía comprometerse a pagar una cantidad de $125.00 mensuales hasta saldar la misma.

El 17 de junio de 2025, la parte apelada indicó al foro primario que aceptaba la oferta presentada por la señora Díaz Pomales y alegó que le habían cursado una estipulación con los términos y condiciones del acuerdo, pero que aún no recibían respuesta por la parte apelante.[3] En consideración a lo anterior, el TPI le dio un término a la señora Díaz Pomales para que informara al Tribunal si aceptaba o no el acuerdo.[4]

Sin embargo, el 19 de junio de 2025, la parte apelante presentó una *Moción Solicitando Desestimación*[5] alegando que la acción estaba prescrita por tratarse de una deuda derivada de una tarjeta de crédito a la cual le aplicaba un término prescriptivo de cinco (5) años conforme al Código de Comercio y al Artículo 1866 del Código Civil de 1930. Argumentó que la última gestión de cobro fue en el año 2015 y que la reclamación fue presentada en el año 2025. Asimismo, sostuvo que la única evidencia sobre la interrupción del término prescriptivo era de noviembre de 2024, por lo que, según alegó, al momento de enviarse la comunicación la causa de acción ya estaba prescrita.

---

[2] Entrada Núm. 7 del SUMAC del TPI.
[3] Entrada Núm. 10 del SUMAC del TPI.
[4] Entrada Núm. 11 del SUMAC del TPI.
[5] Entrada Núm. 12 del SUMAC del TPI.

El 23 de junio de 2025, la parte apelada presentó una *Réplica a Moción de Desestimación*[6]. Alegó que la acción no estaba prescrita, pues el término aplicable era el de quince (15) años dispuesto en el Artículo 1864 del Código Civil de 1930 para las acciones personales sin término especial de prescripción.

Ese mismo día, el TPI emitió una *Resolución Interlocutoria*[7] mediante la cual declaró No Ha Lugar la solicitud de desestimación presentada por la parte apelante.

El 7 de julio de 2025, la señora Díaz Pomales presentó una *Moción de Reconsideración*[8] reiterando que la acción estaba prescrita y sostuvo que el término aplicable era el de cinco (5) años.

El 30 de julio de 2025, el foro primario emitió una *Resolución Interlocutoria*[9] mediante la cual declaró No Ha Lugar la reconsideración presentada por la parte apelante y le concedió término para contestar la demanda.

Así las cosas, el 20 de agosto de 2025, la señora Díaz Pomales presentó su *Contestación a Demanda*[10]. En síntesis, negó adeudar la suma reclamada y cuestionó la capacidad de la parte apelada para reclamar la deuda. Además, sostuvo que existían discrepancias en cuanto a la cantidad adeudada y que la misma no era líquida ni exigible. Levantó varias defensas afirmativas, incluyendo prescripción, falta de legitimación activa y ausencia de prueba suficiente para acreditar la acreencia reclamada.

Luego de varios trámites procesales y del descubrimiento de prueba, el 22 de enero de 2026, Island Portfolio presentó una *Solicitud de Sentencia Sumaria*[11]. Alegó que no existía controversia material de hechos respecto a la deuda reclamada y sostuvo que la evidencia documental presentada

---

[6] Entrada Núm. 16 del SUMAC del TPI.
[7] Entrada Núm. 17 del SUMAC del TPI.
[8] Entrada Núm. 20 del SUMAC del TPI.
[9] Entrada Núm. 22 del SUMAC del TPI.
[10] Entrada Núm. 23 del SUMAC del TPI.
[11] Entrada Núm. 43 del SUMAC del TPI.

demostraba que la deuda era líquida, vencida y exigible. Además, propuso como hechos materiales no controvertidos los siguientes:

1. La parte demandada solicitó con Banco Popular de Puerto Rico, que se le extendiera un crédito mediante una cuenta de Tarjeta de Crédito, cuyo número de cuenta era: 4549555750046636. Véase Estados de Cuenta que hemos identificado como Anejo A.

2. Los Estados de Cuenta reflejan actividad en el uso de crédito extendido por Banco Popular de Puerto Rico, acreedor original, a favor del demandado.

3. Que, el 16 de junio de 2014, se emitió el primer envío de estado de la actividad de cuenta del crédito otorgado a la cuenta de la Tarjeta de Crédito del demandado. Véase Estados de Cuenta Anejo A.

4. El 28 de septiembre de 2015, se realizó el último envió de estado de actividad de cuenta del crédito otorgado a la cuenta de la Tarjeta de Crédito del demandado. Véase Estados de Cuenta Anejo A.

5. La parte demandada dejó de realizar pagos sobre la obligación contraída por lo que el acreedor original debidamente asignó y transfirió a FAF todos los derechos, títulos e intereses en la cuenta número: 4549555750046636 el día 21 de enero de 2021 como evidenciado en el "*Bill of Sale and Assignment of Accounts*" que se acompañó en la demanda de epígrafe. Véase *Bill of Sale and Assignment of Accounts* que identificamos como Anejo B.

6. Según se desprende de la data *excerpt* del *Bill of sales* el balance pendiente de pago y transferido a FAF es de $16,562.84. Véase *Bill of Sale Excerpt* Anejo C.

7. En el *Bill of Sales* específico, se reflejan los siguientes datos:

   a) Nombre del demandado. (Rosa M. Díaz Pomales)

   b) Últimos 4 dígitos del Seguro Social del demandado. (9836)

   c) El número de cuenta. (4549555750046636)

   d) El día que abrió la cuenta. (02/junio/2005)

   e) El día en que se lanzó a pérdida. (Charge-off Date 31/agosto/2015-) Id.

8. El 23 de diciembre de 2025, este Honorable Tribunal, celebró la Vista de Conferencia con Antelación al Juicio, en ella se marcaron como evidencia (exhibit) siete (7) documentos de la parte demandante. Véase entrada 42.

9. Los documentos admitidos como exhibits, por este Honorable Tribunal lo son:

   a. Exhibit A- Estados de cuenta de la línea de crédito bajo los subincisos 1 al 17.

    b. Exhibit B- *Bill of Sales.*

    c. Exhibit C- Evidencia del envío del aviso extrajudicial de cobro por correo certificado con acuse de recibo.

    d. Exhibit D- *Bill of Sales and Assignment of Accounts.*

    e. Exhibit E- *Special Power of Attorney.*

    f. Exhibit F- Licencia de DACO de Island Portfolio Services, LLC.

    g. Exhibit G- Resolución Corporativa de Kelvin M. Rosa Vélez. Véase entrada 42.

10. Así las cosas, FAF contrató los servicios de IPS como agencia de cobro y agente gestor. Véase *Special Power of Attorney* Anejo D.

11. Los expedientes de negocios de IPS establecen que el balance adeudado, y reclamado es por $19,353.20. Véase Anejo A y Anejo C.

12. IPS está debidamente organizada, autorizada y licenciada para actuar como Agencia de Cobros en Estado Libre Asociado de Puerto Rico. Véase Licencia DACO que identificamos como Anejo E.

13. Previo a la radicación de la demanda, en el mes de noviembre de 2024, la parte demandante envió Carta de Aviso de Cobro por correo certificado 9414 8118 9876 5481 1286 98 con acuse de recibo a la parte demandada. Véase Carta Aviso de Cobro como Anejo F.

14. El Aviso de Cobro antes mencionado, fue recibido en la última dirección conocida de la parte demandada el 16 de noviembre de 2024. Id*.

15. La parte demandada, al momento de la demanda, adeuda al demandante la cantidad de total de $19,353.20 por haber incumplido con la obligación contraída. Véase Anejos A, Anejo C y Anejo I.

16. La referida deuda está vencida y es una suma líquida y exigible.

17. IPS mediante resolución corporativa de su presidente, autorizó a custodiar los expedientes y expedientes de negocios al Sr. Kelvin Manuel Rosa Vélez y a Keyshla Enid Laureano Pérez. Véase Resolución Corporativa Anejo G.

18. Todos los hechos materiales incontrovertidos se encuentran sustentados en prueba admisible y en Declaración Jurada. Véase Declaración Jurada Anejo H.

19. Además, como parte del descubrimiento de prueba, se le cursó a la parte demandada el listado específico del *Bill of Sale,* en el mismo figura un listado con el número de cuenta: 4549555750046636, que se reclama en la deuda objeto de esta reclamación judicial. Véase Anejo I "*List of Accounts Bill of Sale*".

20.    Surge de los hechos aceptados de la parte demandada en su parte del Informe Conferencia con Antelación al Juicio (PT), que: "en un momento dado aceptó la deuda lo cierto es que al verse demandada y desconocer el proceso judicial se sintió presionada e intimidada, pues no contaba con asesoramiento legal y no se le advirtió de su derecho a buscarlo". Véase entrada 33.

21.    La parte demandada no tiene evidencia alguna del saldo de la cuenta que se reclama.

El 10 de febrero de 2026, la parte apelante presentó una *Moción en Oposición a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria por Insuficiencia de la Prueba*[12] en la cual argumentó que la parte apelada carecía de la documentación necesaria para establecer la existencia y cuantía de la deuda, pues no contaba con el contrato original, la solicitud de crédito, ni evidencia suficiente para demostrar cómo surgió la deuda reclamada o que esta fuera líquida y exigible. Además, objetó los hechos alegadamente incontrovertidos propuestos por Island Portfolio. Como documento en apoyo a su moción acompañó la *Contestación a Primer Pliego de Interrogatorio y Producción de Documentos* que le fue cursado a la parte apelada.

El 26 de febrero de 2026, Island Portfolio presentó una *Moción en Cumplimiento de Orden y en Oposición a Solicitud de Sentencia Sumaria de la Parte Demandada*[13] mediante la cual sostuvo que la ausencia de un contrato firmado no impedía probar la deuda reclamada y argumentó que los estados de cuenta y demás documentos acompañados eran suficientes para demostrar la existencia de la obligación y el balance adeudado.

Así las cosas, el 6 de marzo de 2026, notificada el 9 de marzo de 2026, el TPI emitió *Sentencia*[14] mediante la cual declaró Ha Lugar la solicitud de sentencia sumaria presentada por la parte apelada y condenó a la señora Díaz Pomales al pago de $19,353.20, más intereses legales. Asimismo, declaró No Ha Lugar la solicitud de sentencia sumaria presentada por la parte apelante al concluir que la oposición a sentencia sumaria presentada por esta

---

[12] Entrada Núm. 45 del SUMAC del TPI.
[13] Entrada Núm. 47 del SUMAC del TPI.
[14] Entrada Núm. 49 del SUMAC del TPI.

incumplió con los requisitos de la Regla 36.3(b) y (c) de Procedimiento Civil, por lo que consideró admitidos los hechos propuestos por Island Portfolio y no tomó en consideración la oposición ni la solicitud de sentencia sumaria presentada por la señora Díaz Pomales.

Inconforme, el 7 de abril de 2026, la parte apelante presentó ante nos el recurso de epígrafe en el que plantea los siguientes señalamientos de error:

> **Primer Error:**
> **Err[ó] el Tribunal de Primera Instancia y cometió error manifiesto al dictar Sentencia Sumaria al determinar que la oposición de la Sentencia Sumaria no cumplió con los requisitos de la Regla 36.3 (b)[.]**
>
> **Segundo Error:**
> **Erró el Tribunal de Primera Instancia y cometió un error manifiesto al dictar Sentencia Sumaria a favor de la parte demandante cuando existían unas controversias de hechos, por lo que era improcedente dictar Sentencia Sumaria.**
>
> **Tercer Error:**
> **Erró el Tribunal de Primera Instancia y cometió un error manifiesto al dictar Sentencia Sumaria a favor de la parte demandante ante la ausencia de prueba para establecer la deuda y que la misma era l[í]quida y exigible[.]**
>
> **Cuarto Error:**
> **Erró el Tribunal de Primera Instancia y cometió un error manifiesto al dictar Sentencia Sumaria ante ausencia de prueba clara de la parte demandante, sin una vista en los méritos donde escuchara y evaluara la prueba que alega tener la demandante[.]**
>
> **Quinto Error:**
> **Erró el Tribunal de Primera Instancia y cometió un error manifiesto al dictar Sentencia Sumaria a favor de la parte demandante cuando la deuda reclamada est[á] prescrita[.]**

El 8 de mayo de 2026 la parte apelada presentó su *Alegato en Oposición a Apelación*.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II

### Sentencia Sumaria

Como sabemos, la sentencia sumaria es un mecanismo procesal provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, cuyo fin es proveer una solución justa, rápida y económica de los litigios.

*Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). A tenor, dicho mecanismo procesal permite que un tribunal, disponga parcial o totalmente de litigios civiles en aquellos casos en los que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020).

La sentencia sumaria procede cuando "no existen controversias reales y sustanciales en cuanto a los hechos materiales, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas, supra,* citando a *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 430 (2013); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010).

Al interpretar la precitada Regla el Tribunal Supremo ha expresado que debe dictarse sentencia sumariamente cuando el tribunal sentenciador tiene ante sí, de manera incontrovertible, la verdad sobre todos los hechos esenciales. *ELA v. Cole*, 164 DPR 608, 625 (2005). De manera que, "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria [...] cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se entiende que un hecho material es aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Por lo que, no se deberá dictar sentencia sumaria cuando: 1) existen hechos materiales controvertidos; 2) hay alegaciones afirmativas en la demanda que no han sido refutadas; 3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o 4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al., supra,* pág. 757; *SLG Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011).

Al atender la moción de sentencia sumaria, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *ELA v. Cole, supra*, pág. 626. No obstante, "la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática". *Mun. de Añasco v. ASES*, 188 DPR 307, 327 (2013), citando a *Córdova Dexter v. Sucn. Ferraiuoli*, 182 DPR 541, 556 (2011). A su vez, corresponde al juzgador actuar guiado por la prudencia y ser consciente de que su determinación podría implicar que se prive a una de las partes de su "día en corte", elemento esencial del debido proceso de ley. *León Torres v. Rivera Lebrón, supra,* pág. 44.

Cónsono con lo anterior, nuestro más Alto Foro ha resuelto que, existen litigios y controversias que "por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente; ello, en vista de que en tales casos un tribunal difícilmente podrá reunir ante sí toda la verdad de los hechos a través de affidávits, deposiciones o declaraciones juradas". *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001), citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 311 (1994); *García López v. Méndez García*, 88 DPR 363, 379 (1963). Dicho foro ha identificado como posibles controversias de este tipo aquellas que incluyen "elementos subjetivos, es decir, aquellas en las que el factor credibilidad juegue un papel esencial o decisivo para llegar a la verdad, y donde un litigante dependa 'en gran parte de lo que extraiga del contrario en el curso de un juicio vivo'". *Id.*, citando a *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577 (1997).

En lo pertinente, la Regla 36 de Procedimiento Civil, *supra*, impone unos requisitos de forma con los cuales hay que cumplir al momento de promover una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia

sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Si la parte promovente incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas, supra*, pág. 111.

Asimismo, la parte que se opone a una sentencia sumaria tiene que cumplir con los requisitos de la precitada Regla 36, *supra. Oriental Bank v. Caballero García, supra*, pág. 680. En otras palabras, la parte que desafía dicha solicitud no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra*, pág. 43. Así pues, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe "puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra". *Id.*, pág. 44. Entiéndase que, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *Id*. De lo contrario, corre el riesgo de que se dicte sentencia en su contra. *Oriental Bank v. Caballero García, supra*.

Al evaluar una moción de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición del Tribunal de Primera Instancia. *Serrano Picón v. Multinational Life Ins., supra*, pág. 993; *Meléndez González et al. v. M. Cuebas, supra*, págs. 115, 118. Tómese en cuenta que, nuestra revisión es una *de novo* y debemos basar nuestro análisis por las

disposiciones de la Regla 36 de Procedimiento Civil, *supra,* así como de su jurisprudencia interpretativa. A tenor, nuestro más Alto Foro ha esbozado los criterios que deben guiar esta revisión. *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas, supra,* págs. 118-119. Así pues, el Tribunal de Apelaciones debe:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra;*

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra,* de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos y;

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al., supra,* pág. 679.

Ahora bien, estamos limitados en cuanto a: (1) que no podemos tomar en consideración evidencia que las partes no presentaron ante el foro primario, y (2) tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al tribunal de instancia luego de celebrado un juicio en su fondo. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. Al realizar nuestra revisión *de novo* debemos "examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor". *Id.*

### III

Luego de examinar de *novo* el expediente y la normativa aplicable, concluimos que en el caso de autos el foro primario actuó correctamente al dictar sentencia sumaria a favor de la parte apelada.

En primer lugar, surge del expediente que la señora Díaz Pomales compareció inicialmente mediante una *Moción* presentada por derecho propio

en la cual reconoció expresamente la deuda reclamada y manifestó su disposición de satisfacerla mediante pagos mensuales de $125.00. Incluso, explicó las circunstancias económicas que le impidieron continuar realizando pagos. Dicha comparecencia constituye una admisión clara sobre la existencia de la obligación objeto de la reclamación judicial y consistente con la evidencia documental presentada por Island Portfolio respecto a la cuenta reclamada.

Posteriormente, aunque la parte apelante presentó alegaciones relacionadas con la suficiencia de la prueba, la cuantía reclamada y la legitimación de la parte demandante, no acompañó evidencia sustancial que controvirtiera efectivamente los hechos materiales establecidos mediante la prueba documental presentada por Island Portfolio.

Asimismo, coincidimos con el foro primario en cuanto a que la *Moción en Oposición a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria por Insuficiencia de la Prueba* no cumplió con los requisitos de la Regla 36.3(b) y (c) de Procedimiento Civil, *supra*. La parte apelante no controvirtió los hechos propuestos con referencia específica a evidencia admisible ni demostró la existencia de controversias reales sobre hechos materiales. *León Torres v. Rivera Lebrón, supra*, pág. 44. Sus planteamientos se limitaron, principalmente, a cuestionar de manera general la suficiencia de la documentación presentada por la parte apelada.

Sin embargo, la parte apelada acompañó estados de cuenta, documentos relacionados con la cesión de la acreencia, evidencia del balance reclamado y declaraciones juradas dirigidas a sustentar la deuda reclamada. A ello se añade que la propia apelante había reconocido previamente la existencia de la obligación. Así, no existe en el expediente prueba concreta que refute la existencia de la cuenta, la cesión del crédito o el balance adeudado.

De otra parte, carecemos de jurisdicción para atender el señalamiento de error relacionado con la alegada prescripción de la acción. Surge del expediente que el TPI declaró No Ha Lugar la solicitud de desestimación presentada por la parte apelante mediante *Resolución Interlocutoria* emitida el 23 de junio de 2025 y, posteriormente, declaró No Ha Lugar la reconsideración el 30 de julio de 2025. No obstante, la señora Díaz Pomales no recurrió oportunamente de dichas determinaciones dentro del término provisto por ley. En consecuencia, tales dictámenes advinieron finales y firmes, por lo que este Tribunal carece de jurisdicción para revisar en esta etapa los planteamientos relativos a la prescripción de la acción. Véanse *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022); *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

En consecuencia, ante la ausencia de controversias reales sobre hechos materiales y habiendo la parte apelada sustentado adecuadamente su reclamación mediante prueba admisible, procedía la adjudicación sumaria del pleito. Por tanto, concluimos que el foro primario aplicó correctamente el derecho al declarar Ha Lugar la solicitud de sentencia sumaria presentada por Island Portfolio.

IV

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones